IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHATRAILIA JACKSON,<br>individually and on behalf of all others<br>similarly situated who consent to their<br>inclusion in a collective action, | : <br> : <br> : <br> : <br> : | Civil Action Number: |
| Plaintiff, | : <br> : <br> : | Jury Trial Demanded |
| vs. | : <br> : | |
| P & K RESTAURANT ENTERPRISE,<br>LLC d/b/a Lacura Bar & Bistro;<br>RAMONDO J. DAVIDSON;<br>ALONZO A. ROSS; and LAMARCUS<br>K. ALLISON, | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | | |

## COMPLAINT

Plaintiff Shatrailia Jackson, individually and on behalf of all others similarly

situated who consent to their inclusion in a collective action brings this Complaint

against P & K Restaurant Enterprise, LLC d/b/a Lacura Bar & Bistro ("Lacura"),

Ramondo J. Davidson, Alonzo A. Ross, and LaMarcus K. Allison, and shows the

Court as follows:

## Introduction

1.

Jackson brings this action under the Fair Labor Standards Act of 1938 (1) to recover due but unpaid minimum wages and an additional like amount as liquidated damages; (2) to recover compensatory damages arising from her retaliatory termination by Defendants and an additional like amount as liquidated damages; (3) to obtain reinstatement of her employment, or front pay in lieu of reinstatement; (4) and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

2.

Additionally, Jackson asserts collective action allegations and asks this Court to certify a collective of similarly situated individuals, to wit, all person who worked as servers at the Lacura Bar & Bistro in Atlanta, Georgia, within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

## Jurisdiction and Venue

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.

S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Lacura is located in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district and Davidson, Ross, and Allison all reside in this judicial district.

**The Parties**

5.

Jackson resides in Fulton County, Georgia.

6.

At all times material hereto, Defendants jointly operated Lacura Bar & Bistro, located at 1919 Metropolitan Pkwy SW, Atlanta, Georgia 30315.

7.

Lacura is a corporation organized under the laws of the State of Georgia.

8.

Lacura can be served via its registered agent, Alonzo Ross, at 3500 Lenox Road, Suite 1500, Atlanta, Georgia 30139.

9.

Lacura is subject to the personal jurisdiction of this Court.

10.

Lacura employed Jackson as a server in and around Lacura Bar & Bistro from early May 2014 until February 4, 2015.

11.

At all times material hereto, Lacura has been an "employer" of Jackson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

At all times material hereto, Jackson has been an "employee" of Lacura as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

Davidson is a resident of DeKalb County, Georgia.

14.

Davidson is subject to the personal jurisdiction of this Court.

15.

Davidson can be served at his residence located at 6385 Dogwood Trail, Lithonia, Georgia 30058.

16.

Davidson employed Jackson as a server in and around Lacura Bar & Bistro from early May 2014 until February 4, 2015.

17.

At all times material hereto, Davidson has been an "employer" of Jackson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

At all times material hereto, Jackson has been an "employee" of Davidson as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

Ross is a resident of Clayton County, Georgia.

20.

Ross is subject to the personal jurisdiction of this Court.

21.

Ross can be served at his residence at 950 Lake Ridge Parkway, Apt. 5102, Riverdale, Georgia 30296, or wherever he can be found.

22.

Ross employed Jackson as a server in and around Lacura Bar & Bistro from early May 2014 until February 4, 2015.

23.

At all times material hereto, Ross has been an "employer" of Jackson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

24.

At all times material hereto, Jackson has been an "employee" of Ross as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

25.

Allison is a resident of Fulton County, Georgia.

26.

Allison is subject to the personal jurisdiction of this Court.

27.

Allison can be served at his residence located at 3034 Dogwood Drive, Atlanta, Georgia 30354, or wherever he can be found.

28.

Allison employed Jackson as a server in and around Lacura Bar & Bistro from early May 2014 until February 4, 2015.

29.

At all times material hereto, Allison has been an "employer" of Jackson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

30.

At all times material hereto, Jackson has been an "employee" of Allison as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## Enterprise Coverage Allegations

31.

At all times material hereto, Lacura has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a).

32.

At all times material hereto, Lacura had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, Lacura had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A) including, food, liquor, beer, wine, non-alcoholic beverages, credit card terminals, telephones and cellular telephones.

34.

In all relevant years, Lacura had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

In 2012, Lacura had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

In 2013, Lacura had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

In 2014, Lacura had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

In January 2015, Defendants represented to Plaintiff and all other employees in a group meeting that Lacura had made $1 million in the previous year.

39.

At all times material hereto, Lacura has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## Statutory Employer Allegations

40.

At all times material hereto, Davidson exercised operational control over the work activities of Jackson.

41.

At all times material hereto, Davidson was involved in the day to day operation of the Lacura restaurant in which Jackson worked.

42.

At all times material hereto, Lacura vested Davidson with supervisory authority over Jackson.

43.

At all times material hereto, Davidson exercised supervisory authority over Jackson.

44.

At all times material hereto, Davidson scheduled Jackson's working hours or supervised the scheduling of Plaintiff's working hours.

45.

At all times material hereto, Davidson exercised authority and supervision over Jackson's compensation.

46.

At all times material hereto, Davidson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.

At all times material hereto, Ross exercised operational control over the work activities of Jackson.

48.

At all times material hereto, Ross was involved in the day to day operation of the Lacura restaurant in which Jackson worked.

49.

At all times material hereto, Lacura vested Ross with supervisory authority over Jackson.

50.

At all times material hereto, Ross exercised supervisory authority over Jackson.

51.

At all times material hereto, Ross scheduled Jackson's working hours or supervised the scheduling of Plaintiff's working hours.

52.

At all times material hereto, Ross exercised authority and supervision over Jackson's compensation.

53.

At all times material hereto, Ross has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

54.

At all times material hereto, Allison exercised operational control over the work activities of Jackson.

55.

At all times material hereto, Allison was involved in the day to day operation of the Lacura restaurant in which Jackson worked.

56.

At all times material hereto, Lacura vested Allison with supervisory authority over Jackson.

57.

At all times material hereto, Allison exercised supervisory authority over Jackson.

58.

At all times material hereto, Allison scheduled Jackson's working hours or supervised the scheduling of Plaintiff's working hours.

59.

At all times material hereto, Allison exercised authority and supervision over Jackson's compensation.

60.

At all times material hereto, Allison has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

**Common Factual Allegations**

61.

Defendants have operated Lacura Bar & Bistro since at least early March 2012 and continuing through the present.

62.

At all times material hereto, the business of Defendants has been to operate a nightclub, sell and serve food and alcohol to nightclub patrons and to provide entertainment.

63.

At all times material hereto, Defendants have employed Jackson and others as servers.

64.

Servers are responsible to greet patrons; take their food and drink orders; deliver food and drinks to patrons; collect revenue for Defendants, clean and set tables and other duties associated with selling and serving food and drink.

**Davidson**

65.

At all times material hereto, Davidson, individually and in conjunction with Ross and/or Allison, exercised operational control over the work activities of the servers at Lacura Bar & Bistro.

66.

At all times material hereto, Davidson, individually and in conjunction with Ross and/or Allison, has been involved in the day to day operation of Lacura Bar & Bistro.

67.

At all times material hereto, Lacura has vested Davidson with supervisory authority over all servers employed at Lacura Bar & Bistro.

68.

At all times material hereto, Davidson, individually and in conjunction with Ross and/or Allison, exercised supervisory authority over all servers employed at Lacura Bar & Bistro.

69.

At all times material hereto, Davidson individually and in conjunction with Ross and/or Allison, scheduled the working hours of all servers employed at Lacura Bar & Bistro.

70.

At all times material hereto, Davidson, individually and in conjunction with Ross and/or Allison, exercised authority over the compensation of all servers employed at Lacura Bar & Bistro.

71.

At all times material hereto, Davidson has been an "employer" of all servers employed at Lacura Bar & Bistro as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

***Ross***

72.

At all times material hereto, Ross, individually and in conjunction with Davidson and/or Allison, exercised operational control over the work activities of the servers at Lacura Bar & Bistro.

73.

At all times material hereto, Ross, individually and in conjunction with Davidson and/or Allison, has been involved in the day to day operation of Lacura Bar & Bistro.

74.

At all times material hereto, Lacura has vested Ross with supervisory authority over the servers employed at Lacura Bar & Bistro.

75.

At all times material hereto, Ross, individually and in conjunction with Davidson and/or Allison, exercised supervisory authority over all servers employed at Lacura Bar & Bistro.

76.

At all times material hereto, Ross, individually and in conjunction with Davidson and/or Allison, scheduled the working hours of all servers employed at Lacura Bar & Bistro.

77.

At all times material hereto, Ross, individually and in conjunction with Davidson and/or Allison, exercised authority over the compensation of all servers employed at Lacura Bar & Bistro.

78.

At all times material hereto, Ross has been an "employer" of the servers employed at Lacura Bar & Bistro as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

**_Allison_**

79.

At all times material hereto, Allison, individually and in conjunction with Davidson and/or Ross, exercised operational control over the work activities of the servers at Lacura Bar & Bistro.

80.

At all times material hereto, Allison, individually and in conjunction with Davidson and/or Ross, has been involved in the day to day operation of Lacura Bar & Bistro.

81.

At all times material hereto, Lacura has vested Allison with supervisory authority over the servers employed at Lacura Bar & Bistro.

82.

At all times material hereto, Allison, individually and in conjunction with Davidson and/or Ross, exercised supervisory authority over all servers employed at Lacura Bar & Bistro.

83.

At all times material hereto, Allison, individually and in conjunction with Davidson and/or Ross, scheduled the working hours of all servers employed at Lacura Bar & Bistro.

84.

At all times material hereto, Allison, individually and in conjunction with Davidson and/or Ross, exercised authority over the compensation of all servers employed at Lacura Bar & Bistro.

85.

At all times material hereto, Allison has been an "employer" of the servers employed at Lacura Bar & Bistro as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

86.

At all times material hereto, all servers employed at Lacura Bar & Bistro have had similar job duties and responsibilities.

87.

At all times material hereto, Defendants have subjected the servers employed at Lacura Bar & Bistro to the same scheduling policies, and procedures.

88.

At all times material hereto, Defendants have subjected the servers employed at Lacura Bar & Bistro to the same scheduling rules of conduct.

89.

At all times material hereto, Defendants have compensated the servers employed at Lacura Bar & Bistro in the same manner.

90.

At all times material hereto, Defendants have required the servers employed at Lacura Bar & Bistro to pay a portion of their tips to other employees.

91.

At all times material hereto, Defendants have required the servers employed at Lacura Bar & Bistro to pay a portion of their tips to other employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

92.

Defendants have required all servers to pay a portion of their tips to persons working as "barbacks."

93.

Barbacks are not customarily and regularly "tipped employees" within the meaning of 29 U.S.C. § 203(t).

94.

As alleged above, this illegal tip pool resulted in the Defendant being unable to take advantage of the tip credit.

**Count I — Failure to Pay Minimum Wage as to All Defendants**

95.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

96.

At all times material hereto, Jackson has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

97.

At all times material hereto, Jackson was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

98.

From on or about early May 2014 through February 4, 2015, Defendants failed to compensate Jackson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

99.

Defendants sometimes paid Jackson $20 cash per 7-hour shift; but other times did not pay her at all.

100.

Defendants are forbidden relying on the tip credit because they failed to pay Jackson a minimum amount each week.

101.

At all times material hereto, Defendants have required Jackson to pay a portion of her tips to other employees.

102.

At all times material hereto, Defendants have required Jackson to pay a portion of her tips to other employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

103.

Defendants have required Jackson to pay a portion of her tips to barbacks.

104.

From on or about early May 2014 through February 4, 2015, Defendants willfully failed to compensate Jackson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

105.

At all times material hereto, Defendants failed to inform Jackson of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

106.

At all times material hereto, Defendants failed to post a notice informing employees of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

107.

At all times material hereto, Defendants failed to "post and keep posted a notice explaining the [FLSA] . . . in [a] conspicuous place[]," as required by 29 CFR § 516.4.

108.

At all times material hereto, Defendants failed to issue IRS forms W-2 or other tax information returns to Jackson.

109.

In January 2015, Defendants refused to provide Jackson with Lacura's tax identification number.

110.

At all times material hereto, Defendants failed to take those actions necessary to take advantage of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

111.

As a result, Jackson is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of minimum wages as alleged above, Jackson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

113.

As a result of the underpayment of minimum wages, Defendants are liable to Jackson for her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**Count II – Collective Action Allegation as to All Defendants**

114.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

115.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 206 by failing to pay minimum wages to all persons who worked as servers at the Lacura Bar & Bistro.

116.

At all times during the three years prior to the filing of this Complaint, Defendants violated 29 U.S.C. § 206 by failing to pay minimum wages to all

servers of Lacura Bar & Bistro in the same manner as alleged above with respect to Jackson.

117.

At all times during the three years prior to the filing of this Complaint, Defendants failed to inform all servers at Lacura Bar & Bistro of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

118.

At all times material hereto, Defendants failed to issue IRS forms W-2 or other tax information returns to all servers at Lacura Bar & Bistro.

119.

All servers who worked at Lacura Bar & Bistro within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

120.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq. to all individuals similarly situated to Jackson for unpaid minimum wages, interest, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

121.

The proposed collective of individuals similarly situated to Jackson should be defined as "All individuals who have worked as servers at Lacura Bar & Bistro in Atlanta, Georgia since March 2012 through the present."

122.

All such individuals similarly situated to Jackson would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

123.

All such individuals similarly-situated to Jackson are known to Defendants, are readily identifiable, and can be located through the records of Defendants and various local governmental entities.

**Count III – Illegal Retaliation as to Defendants LaCura and Ross**

124.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

125.

Jackson obtained legal counsel on Tuesday, February 3, 2015 for the purpose of filing suit against Defendants over their failure to pay minimum wages to Jackson and other similarly situated individuals who have worked for Defendants within the previous three years.

126.

On February 3, 2015, Jackson contacted a former employee of Defendants known commonly as "Rae."

127.

Jackson informed Rae of her intention to file suit against Defendants to recover unpaid minimum wages.

128.

On information and belief, Rae immediately contacted Ross and informed him of Jackson's intention to file suit against Defendants.

129.

Jackson's act of obtaining legal counsel for the purpose of recovering unpaid minimum wages constituted protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

130.

On February 4, 2015, in retaliation for Jackson's protected activities, Ross, acting as an agent for Lacura, terminated Jackson's employment, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

131.

As a direct and foreseeable result of this unlawful retaliation, Jackson has suffered loss of employment and loss of income in an amount to be proven at trial.

132.

Jackson is entitled to liquidated damages in addition to the damages set forth in the preceding paragraph, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Ross and Lacura have willfully and repeatedly violated the FLSA.

133.

Ross and Lacura are indebted to Jackson for her costs of litigation, including her reasonable attorney's fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.     That Plaintiff's claims be tried before a jury;

2.     That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about early May 2014 through

February 4, 2015 due under the FLSA, plus an additional like amount in liquidated damages;

3.      As to Count III, that Plaintiff be awarded compensatory damages including lost wages against Defendants, jointly and severally, in an amount to be determined at trial, plus an additional like amount in liquidated damages;

4.      That the Court order the reinstatement of Plaintiff to her former position or provide her front pay in lieu of reinstatement;

5.      That the Court permanently enjoin Defendants from violating the minimum wage provisions of the FLSA;

6.      That the Court permanently enjoin Defendants from retaliating against their employees for actions protected under the FLSA;

7.      That Plaintiff be awarded her costs of litigation, including reasonable attorney's fees from Defendants;

8.      That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiff, allowing all such similarly-situated individuals to file their written consent to join this action as plaintiffs;

9.      That the Court award all such individuals who "opt in" to this lawsuit their unpaid wages, liquidated damages, and costs of litigation from Defendants; and

10.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER                    /S/CHARLES R. BRIDGERS
101 MARIETTA STREET                      CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303                   GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)                       /S/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com          KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com            GA. BAR NO. 262375

                                         COUNSEL FOR PLAINTIFF