IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHATRAILIA JACKSON, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : Civil Action No. 1:15-cv-753-MHC <br> : |
| P & K RESTAURANT ENTERPRISE, LLC d/b/a Lacura Bar & Bistro; RAMONDO J. DAVIDSON; ALONZO A. ROSS; and LAMARCUS K. ALLISON, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Shatrailia Jackson, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, and Defendants P & K Restaurant Enterprise, LLC d/b/a Lacura Bar & Bistro, Ramondo J. Davidson, Alonzo A. Ross, and Lamarcus K. Allison, by and through the undersigned counsel and pursuant to LR 16.2 NDGa, submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

1. **DESCRIPTION OF CASE:**

**(a) Describe briefly the nature of this action.**

This is an FLSA minimum wage collective action involving allegations of failure to pay minimum wages for all hours worked and illegal tip pooling.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

  *(1)   The Plaintiffs' Factual Contentions:*

Plaintiff alleges that she worked for Defendants as a server at Lacura Bar & Bistro from early May 2014 through February 4, 2015. During that time, Defendants irregularly paid Plaintiff and all other servers at Lacura a "shift fee" of $20 per 7-hour shift. During many shifts, Defendants paid Plaintiff and other Lacura servers no wages at all, and their only source of income was customer tips. Plaintiff seeks back wages for all of Defendants' outstanding minimum wage obligations. Defendants did not comply with the FLSA's requirements to use the tip-credit, and thus Plaintiff and all other Lacura servers are entitled to $7.25 per hour worked, minus whatever "shift fees" were paid by Defendants, in addition to liquidated damages in an equal amount, reasonable attorney's fees, and costs of litigation.

Plaintiff further alleges that she was terminated by Defendants P & K Restaurant Enterprises, Inc. and Alonzo Ross in retaliation for taking actions

protected under the FLSA. She seeks reinstatement or back and front pay in lieu of reinstatement, plus liquidated damages and attorney's fees and costs.

Defendants likewise terminated opt-in Plaintiff Rebecca Johnson in retaliation for activities protected under the FLSA, and Plaintiff Jackson intends to amend her Complaint to add a retaliation claim on behalf of opt-in Plaintiff Johnson.

Finally, Plaintiff seeks certification of a collective action consisting of all servers who have worked at Lacura Bar & Bistro within 3 years of the filing of this action.

### (2)  *Defendant's Factual Contentions:*

Defendants contentions are that they are not an Enterprise as defined by the FLSA as the business does not generate and had never generated revenue amounting to $500,000.  Additionally, Defendants deny that Plaintiff or any other server worked with out pay.  Moreover, Plaintiff and all other servers received pay over and above the minimum wage standard as outlined under the FSLA.

Plaintiff is not entitled to receive reinstatement or back and front pay in lieu of reinstatement, plus liquidated damages and attorney's fees and costs.  Finally, Defendant did not terminate Rebecca Johnson in retaliation for activities protected under the FSLA.

**(c)  The legal issues to be tried are as follows:**

1. Whether Defendants' business was a covered enterprise under the FLSA;

2. Whether Defendants, individually or collectively, were Plaintiffs' "employers" under the FLSA;

3. Whether Defendants violated the minimum wage provisions of the FLSA;

4. Whether Defendants required Plaintiff to pay a portion of her tips to employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m);

5. Whether Defendants misclassified Plaintiff as an independent contractors;

6. The amount of back pay for unpaid minimum wages, if any, to which Plaintiff is entitled to recover from Defendant;

7. If Plaintiff establishes a violation of FLSA, whether Defendants' actions were taken in good faith so as to avoid an award of liquidated damages;

8. The amount of liquidated damages, if any, to which Plaintiff is entitled from Defendants;

9. If Plaintiff establishes a violation of the FLSA, whether Defendants' actions were willful so as to extend the statute of limitations for an additional year;

10. Whether Defendants failed to post and keep posted a notice explaining the FLSA in a conspicuous place, as required by 29 CFR § 516.4;

11. Whether the applicable statute of limitations should be tolled throughout the entire period in which Defendants failed to keep posted the notice required by 29 CFR § 516.4;

12. The amount of attorneys' fees, expenses and costs, if any, to which Plaintiff is entitled from Defendants;

13. Whether Defendants retaliated against Plaintiff for actions protected by the FLSA;

14. Whether Defendants retaliated against opt-in Plaintiff Rebecca Johnson for actions protected by the FLSA; and

15. Whether a collective of similarly situated individuals should be certified by the Court.

**(d) The cases listed below (include both style and action number) are:**

(1) *Pending Related Cases:*  None

(2) *Previously Adjudicated Related Cases:*  None

**2. THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

X        (1)        Unusually large number of parties.

    (2)      Unusually large number of claims or defenses.

    (3)      Factual issues are exceptionally complex.

    (4)      Greater than normal volume of evidence.

    (5)      Extended discovery period is needed

    (6)      Problems locating or preserving evidence.

    (7)      Pending parallel investigations or action by government.

    (8)      Multiple use of experts.

    (9)      Need for discovery outside United Stated boundaries.

    (10)      Existence of highly technical issues and proof.

    (11)      Unusually complex discovery of electronically stored information.

**3. COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

| For Plaintiff: | For Defendants: |
|---|---|
| **DeLong, Caldwell, Bridgers & Fitzpatrick, LLC** | **The Fuller Law Group, LLC** |
| Charles R. Bridgers<br>Kevin D. Fitzpatrick, Jr.<br>Matthew W. Herrington<br><br>3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA 30303<br>(404) 979-3150<br>(404) 979-3170 (facsimile) | Marcia M. Guinyard<br>1100 Spring Street, N.W., Suite 730<br>Atlanta, Georgia 30309<br>Telephone (404) 765-6445<br>Fax (404) 765-6447<br>fullerlawgroup@bellsouth.net |

charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com
matthew.herrington@dcbflegal.com

**4. JURISDICTION:**

**Is there any question regarding this court's jurisdiction?**

___ Yes   _X_ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. PARTIES TO THIS ACTION:**

**(a) The following persons are necessary parties who have not been joined:**

None known.

**(b) The following persons are improperly joined as parties:**

Plaintiff's response: None.

Defendants' response: Ramondo Davidson.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiff anticipates amending her complaint to incorporate an additional retaliation claim for opt-in plaintiff Rebecca Johnson and to dismiss claims against Defendant Davidson.

Defendants anticipate amending their Answer to include counterclaims.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. FILING TIMES FOR MOTIONS:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)  Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

**(c)  Other Limited Motions:** Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)  Motions Objecting to Expert Testimony:** *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.  INITIAL DISCLOSURES**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The Parties seek to serve Initial Disclosures on or before <u>June 5, 2015</u>.

**9.  REQUEST FOR SCHEDULING CONFERENCE**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Response: The parties do not request a scheduling conference at this time.

**10.   DISCOVERY PERIOD**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The nature of Plaintiff's employment relationships with Defendants; the duties performed by Plaintiff for Defendants; the number of hours worked by Plaintiff for Defendants; the compensation paid by Defendants to Plaintiff for such work; the revenues of Defendants in all relevant years; the controls and supervision of the Individual Defendants over Plaintiff's work conditions and compensation; Defendants' compensation policies with respect to all servers at Lacura Bar & Bistro; the number of hours worked by all servers at Lacura Bar & Bistro; Defendants' tip-pooling policies for servers at Lacura Bar & Bistro.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

As a Fair Labor Standards Act case this case is subject to a four month discovery track. The Parties anticipate that additional time is necessary in this case because it is a putative collective action. Thus, **the Parties propose an initial six-month discovery period commencing on June 18, 2015 and expiring on December 18, 2015.** If, following this initial discovery period, the Court conditionally certifies a collective action, the parties reserve the right to move the Court for extensions of the discovery period at that time, in accordance with the

Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Northern District of Georgia.

**11. DISCOVERY LIMITATIONS:**

**(a) What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

___X___ Yes     _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

*See* Entry under (2).

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format.

If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files.  Metadata shall be produced if requested or the Parties may discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach agreement.  If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials.  The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

   In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   OTHER ORDERS:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

None at this time.

**13.   SETTLEMENT POTENTIAL:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on **May 22, 2015** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead counsel: */s/ Matthew W. Herrington*

For Defendant: */s/ Marcia M. Guinyard*

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__)   A possibility of settlement before discovery.

( x )   A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(___)   No possibility of settlement.

(c) Counsel (__) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is after written discovery is exchanged.

(d) The following specific problems have created a hindrance to settlement of this case.

   Plaintiffs:  None.

Defendant: Denial of liability.

**14. TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2015.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted,

| **DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC** | **THE FULLER LAW GROUP, LLC** |
|---|---|
| | */s/ Marcia M. Guinyard* |
| */s/ Matthew W. Herrington* | Marcia M.Guinyard |
| Charles R. Bridgers | Georgia Bar No. 280269 |
| Georgia Bar No. 080791 | |
| Kevin D. Fitzpatrick, Jr. | 1100 Spring Street, N.W., Suite 730 |
| Georgia Bar No. 262375 | Atlanta, Georgia 30309 |
| Matthew W. Herrington | Telephone (404) 765-6445 |
| Georgia Bar No. 275411 | Fax (404) 765-6447 |
| | fullerlawgroup@bellsouth.net |
| 3100 Centennial Tower | |
| 101 Marietta Street | Counsel for Defendants |
| Atlanta, GA 30303 | |
| (404) 979-3150 | |
| (404) 979-3170 (facsimile) | |
| charlesbridgers@dcbflegal.com | |
| kevin.fitzpatrick@dcbflegal.com | |
| matthew.herrington@dcbflegal.com | |

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2015, I electronically filed the foregoing Joint Preliminary Statement which will automatically send email notification to all counsel of record:

/s/ Matthew W. Herrington
Matthew W. Herrington
Georgia Bar No. 275411