IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHATRAILIA JACKSON,
individually and on behalf of all
others similarly situated who consent
to their inclusion in a collective
action,

    Plaintiff,

v.

P & K RESTAURANT
ENTERPRISE, LLC doing business
as Lacura Bar & Bistro, RAMONDO
J. DAVIDSON, ALONZO A. ROSS,
and LAMARCUS K. ALLISON,

    Defendants.

CIVIL ACTION FILE

NO. 1:15-CV-753-MHC

## ORDER

In accordance with this Court's Order of December 12, 2015, a status conference was held in this case on January 7, 2016. Kevin D. Fitzpatrick, Jr., Esq., appeared on behalf of Plaintiff. Both Alonzo A. Ross and Lamarcus K. Allison appeared *pro se*.[1] Notwithstanding this Court's Orders of November 2,

---

[1] On November 2, 2015, this Court granted attorney Marcia M. Guinyard's motion to withdraw on behalf of Defendants Ross and Allison [Doc. 32]. Although Ms. Guinyard may have intended to withdraw as counsel for Defendant Ramondo J. Davidson, she failed to comply with Local Rule 83.1E(2) with respect to Mr. Davidson. The Court has contacted Ms. Guinyard, who has represented to the

2015 [Doc. 32] and December 11, 2015 [Doc. 33], Defendants Ross and Allison attempted to represent Defendant P & K Restaurant Enterprise, LLC at the status conference but were again instructed (for the third time) by the Court that a corporate officer cannot represent the corporation in court unless that officer is also an attorney licensed in Georgia.  See LR 83.1E(2)(b)(I), NDGa.  Defendants Ross and Allison assured the Court that an attorney would be employed to represent the corporate Defendant no later than two weeks from today.  The Court presumes that this same attorney also will represent the individual Defendants in this matter.

Accordingly, **IT IS HEREBY ORDERED** that Defendant P & K Enterprise, LLC shall retain an attorney to represent it in this matter and that attorney shall file an appearance with the Clerk of Court no later than close of business on January 21, 2016.  The parties are thereafter directed to present a proposed revised Scheduling Order for the Court.  The parties shall also advise the Court whether they have an interest in a referral of this case to a Magistrate Judge of this district for mediation of Plaintiff's claims.

Defendants Ross and Allison again are advised that if they do not retain an attorney to represent them individually, they will be personally responsible for

---

Court that she will file a motion to withdraw on behalf of Defendant Davidson in compliance with the local rules as soon as possible.  The Clerk is **DIRECTED** to serve a copy of this Order on Ms. Guinyard.

responding to all outstanding discovery requests that have been served by Plaintiff in this case.[2] A failure to respond to those discovery requests could result in sanctions being ordered against them in their individual capacities by this Court, including payment of Plaintiff's expenses in seeking to compel appropriate responses to the discovery requests, admission of facts that may be in dispute, waiver of any defenses that previously have been raised, or the entry of a default judgment against the disobedient party. See FED. R. CIV. P. 37(b)(2), (d)(3).

**IT IS SO ORDERED** this 7th day of January, 2016.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge

---

[2] Defendants Ross and Allison stated that their previous counsel, Ms. Guinyard, failed to provide copies of Plaintiff's previous discovery requests to them. See Docs. 27-29. The Court requests that Plaintiff's counsel transmit a copy of those requests directly to Defendants Ross and Allison.