IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHATRAILIA JACKSON, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>  Plaintiff,<br><br>v.<br><br>P & K RESTAURANT ENTERPRISE, LLC d/b/a Lacura Bar & Bistro, ALONZO A. ROSS, and LAMARCUS K. ALLISON,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-753-MHC |

## ORDER

This case comes before the Court on Plaintiff's Motion for an Award of Liquidated Damages [Doc. 125] ("Mot. for Liquidated Damages") and Motion for Attorneys' Fees and Costs [Doc. 127] ("Mot. for Attorneys' Fees").

I.  BACKGROUND

Plaintiff Shatrailia Jackson worked as waitresses at Lacura Bar & Bistro ("Lacura") from late April/early May, 2014, through February 4, 2015. Dep. of Shatralia Jackson taken Aug. 15, 2016 [Doc. 86-5] ("Jackson Dep.") at 5; Compl. [Doc. 1] ¶ 10; Answer [Doc. 15] ¶ 10. Lacura is owned and operated by

Defendants P&K Restaurant Enterprise, LLC, Alonzo Ross, and Lamarcus Allison. See Dep. of P&K Restaurant Enterprise, LLC taken Aug. 8, 2016 [Doc. 93-4] ("P&K Dep. Vol. I") at 21-22. Plaintiff brought the above-styled lawsuit under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 *et seq.*, to recover minimum wages to which she alleged she was entitled, statutory damages, and reasonable attorneys' fees and costs. Compl. ¶¶ 95-133.

A trial was conducted on November 7 through November 8, 2017, which resulted in a verdict for Plaintiff in the amount of $6,308.00. Jury Verdict Form [Doc. 123].

## II.   ANALYSIS

### A.   Liquidated Damages

Plaintiff seeks $6,308.00 in liquidated damages, which is the amount the jury awarded her as the amount of minimum wages Defendants failed to pay her while she was employed at Lacura. Mot. for Liquidated Damages at 1. An employer who violates the minimum wage or maximum hour requirements of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, . . . in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "[L]iquidated damages are mandatory absent a showing of good faith" by an employer that he had reasonable grounds for believing that his

act or omission was not a violation of the FLSA. Spires v. Ben Hill Cty., 980 F.2d 683, 689 (11th Cir. 1993). 29 U.S.C. § 260 sets out the standard for imposing liquidated damages and places the burden on a defendant to "show[] to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." Additionally, the Court has discretion to award liquidated damages notwithstanding any showing by a defendant that it acted in good faith and had reasonable grounds to believe it was not violating the FLSA. Id.; see also Heidtman v. Cty. of El Paso, 171 F.3d 1038, 1042 (5th Cir. 1999) ("Even if the district court determines that the employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages.").

Defendants argue that they "have met their burden to show that they acted in good faith and had reasonable ground to believe that they were in compliance with the FLSA." Defs.' Resp. to Pl.'s Mot. for Liquidated Damages [Doc. 131] ("Defs.' Opp'n to Liquidated Damages") at 2. In support of this position, Defendants argue that Plaintiff acknowledged "she was paid $25.00 per night and that she understood that she would receive tips as part of her compensation." Id. at 2-3. This argument is identical to the argument Defendants raised as the basis for their post-trial

3

renewed motion for judgment as a matter of law, which this Court rejected, noting that Defendants previously asserted the argument at least three times and that it was rejected by the Court each time. Order dated Dec. 5, 2017 [Doc. 132] at 2-3. The fifth time is not the charm for Defendants' regurgitated argument. As previously noted, the factual premise upon which Defendants' argument is based is not accurate:

> [T]he Court found that Plaintiff's deposition testimony was that she was not paid $25.00 per night on each of the nights she worked. Plaintiff also testified consistently at trial that she did not receive $25.00 per night each time she worked. Based on this evidence, the Court twice denied Defendants' motions for directed verdict at trial, once at the close of Plaintiff's case and again after Defendants' case, holding that Plaintiff's testimony created a fact issue for the jury to decide. The Court specifically found both times that whether Plaintiff was paid $25.00 each time she worked was a genuine disputed material fact and something that the jury had to determine based on an evaluation of the evidence presented, including the credibility of witnesses.

Id. at 3.

Because Defendants have failed to present any evidence from which the Court could find that they acted in good faith with regard to paying Plaintiff a lawful minimum wage, the Court finds that an award of $6,308.00 in liquidated damages to Plaintiff is appropriate in this case.

### B. Litigation Costs

Defendants do not object to the $2,764.64 in costs sought by Plaintiff. See generally Defs.' Resp. to Pl.'s Mot. for Attorneys' Fees [Doc. 130] ("Defs.' Opp'n to Attorneys' Fees"); see also Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); see also LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."). The Court has independently reviewed Plaintiff's litigation expenses, and finds that Plaintiff's request for $2,764.64 in costs is reasonable.

### C. Attorneys' Fees

Plaintiff seeks $116,129.56 in attorneys' fees. Mot. for Attorneys' Fees at 1. There is no disagreement among the parties as to whether Plaintiff is entitled to some attorneys' fees. See generally Defs.' Opp'n to Attorneys' Fees (citing 29 U.S.C. § 216(b)). The only dispute to be resolved by the Court is the amount of attorneys' fees and costs that "constitutes a reasonable amount, if any. The determination of a reasonable attorneys' fee is left to the sound discretion of the trial judge after proper application of a lodestar fee analysis." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); Dial HD, Inc. v. ClearOne Commc'ns, 536 F. App'x 927, 930-31 (11th Cir. 2013). The starting pointing for calculating a

5

reasonable attorneys' fee award is the determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. The product of this formula is the "lodestar" amount. Dial HD, Inc. v. ClearOne Commc'ns, 536 F. App'x 927, 930 (11th Cir. 2013) (citation omitted).

The party seeking an award of fees bears the burden of demonstrating the reasonableness of the attorney hours worked and the rates claimed. Hensley, 461 U.S. at 433.

> [T]he fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity. In addition, a well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Dial HD, 536 F. App'x at 930-31 (11th Cir. 2013) (internal quotations and citation omitted). "Similarly, those parties opposing fee applications have obligations," namely that "[t]heir objections and proof concerning hours they want excluded must be specific and 'reasonably precise.'" Yule v. Jones, 766 F. Supp. 2d 1333, 1341 (N.D. Ga. 2010) (quoting Hensley, 461 U.S. at 428).

Defendants object to Plaintiff's request for fees, arguing that the amount sought by Plaintiff is "egregious" in a case that returned a verdict for $6,308.00. Defs.' Resp. to Pl.'s Mot. for Attorneys' Fees [Doc. 130] at 1. Defendants argue

6

that Plaintiff's attorneys have failed to meet their burden to show they acted in good faith and had reasonable ground to charge the "extremely exaggerated and inflated amount for their legal services," but Defendants do not challenge any of the hourly rates charged by Plaintiff's attorneys. Id. at 2. Defendants note that the trial only lasted two days and that only four depositions were taken in this case, but Defendants do not specifically challenge any of the time submissions presented by Plaintiff's counsel in support of her Motion for Attorneys' Fees. Id. at 3.

### 1. Hourly Rate

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation and quotation omitted). In determining counsel's reasonable hourly rate, the court may consider the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.

Ela v. Destefano, 869 F.3d 1198, 1203 n.6 (11th Cir. 2017) (citing Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974))[1]. Plaintiff can establish the reasonableness of hourly rates "by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). Alternatively, "the court can rely upon its own experience to determine a reasonable fee even when faced with an inadequate fee application or fee rates which seem excessive, and the court should still award a fee where warranted." Feliciano et. al. v. Wehunt, No. 1:09-CV-03130-JOF, 2010 WL 1565493, at *3 (N.D. Ga. April 19, 2010) (citing Norman, 826 F.2d at 1303); Dial HD, 536 F. App'x at 930 ("The district court is itself an expert on the reasonableness of hourly rates and may consider its own knowledge and experience on the topic.").

What an attorney "charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined

---

[1] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit handed down before October 1, 1981, unless Eleventh Circuit en banc or Supreme Court decisions subsequently have considered the issue. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

by supply and demand.'" Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000). One of Plaintiff's attorneys, Kevin Fitzpatrick has declared under penalty of perjury that the rates reflected in the time sheets that he has submitted in support of Plaintiff's Motion for Attorneys' Fees are the rates he and his colleagues charge for their services. See Decl. of Kevin D. Fitzpatrick, Jr. dated Nov. 28, 2017 [Doc. 127-1] ("Fitzpatrick Decl.") ¶¶ 10, 19, 20, 22, 28, 31, 33. Additionally, another judge in this district recently found the $400 per hour rate charged by Fitzpatrick and Charles R. Bridgers (another of Plaintiff's attorneys), as well as the identical rates charged by the paralegals and legal assistants employed in this case, were reasonable and approved them as part of an attorney fee award in another FLSA case. See Obertein v. Assured & Assocs. Pers. Care of Ga., Inc., No. 1:14-CV-490-AT, 2017 WL 3485762, at *2 (N.D. Ga. May 4, 2017).

The Court therefore finds, based on its own knowledge and experience as well as the information presented in the Declaration of Kevin Fitzpatrick, that the hourly rates charged by Plaintiff's attorneys Kevin D. Fitzpatrick, Jr., Mitchell D. Benjamin[2] and Charles R. Bridgers as well as the hourly rate charged by Plaintiff's

---

[2] Plaintiff states that attorneys Fitzpatrick, Benjamin and Bridgers all bill at $400 per hour. However, the time sheets attached as exhibits to the Fitzpatrick Declaration reflect that attorney Benjamin's hourly rate was $375, not $400. This discrepancy is inconsequential because the time sheets also reveal that total fee award sought by Plaintiff includes only $1,489.58 for approximately four hours of

9

attorney Matthew W. Herrington[3] are reasonable given their experience in practicing employment law. The Court further finds that the hourly rates of $145, $105 and $45 charged by paralegals and legal assistants employed by Plaintiff's counsel are also reasonable.

### 2.   Hours Expended

The next step in the lodestar analysis is to determine whether the number of hours expended on the matter was reasonable. Norman, 836 F. 2d at 1301. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). The Court also can consider "the amount of damages requested [compared] to the

---

work performed by Mr. Benjamin, which more closely reflects his listed $375 rate, rather than the stated $400 rate of his partners.

[3] Plaintiff states that attorney Herrington's hourly rate is $275. However, the time sheets attached as exhibits to the Fitzpatrick Declaration reflect that attorney Herrington charged two different rates ($235 and $275), on different occasions. Although the entries are not entirely consistent, it appears the rate he charged increased from $235 to $275 around April of 2015. Again, this discrepancy is inconsequential in this case because the total fee award sought by Plaintiff includes $27,229.04, for approximately 100 hours of work performed by Mr. Herrington. This amount reflects a blend of those two rates consistent with how they appear to have been noted in the time sheets. In other words, although Plaintiff's Motion for Attorneys' Fees would have one believe that Herrington was charging $275 per hour for his work, Herrington was in fact charging an amount less than that which reflects a period of time when his billable rate was $235.

amount of damages received" when determining the extent of a plaintiff's success. Military Circle Pet Ctr. No. 94, Inc. v. Cobb Cty., 734 F. Supp. 502, 505 (N.D. Ga. 1990).

Attorneys' fee applicants are required to utilize proper "billing judgment," and "excessive, redundant or otherwise unnecessary hours should be excluded" from the Court's calculus. Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434, 437). The determination of which hours should be excluded as excessive "must be left to the discretion of the district court." Id. A party opposing a fee application is obligated to identify the hours that should be excluded from the Court's lodestar calculation in "specific and reasonably precise" terms. Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

Plaintiff has presented the Declaration of Kevin Fitzpatrick which explains the hours worked by counsel and their staff on this case. See generally Fitzpatrick Decl. Additionally, attached to the Fitzpatrick Declaration are the time sheets detailing the approximately 375 hours of work performed by counsel and their staff on this case. Id. This Court finds that Plaintiff's evidence is presented with proper specification and supporting documentation. Further, after a review of the Fitzpatrick Declaration as well as the time sheets, this Court finds that the number of hours for which Plaintiff's counsel worked in this case and for which Plaintiff

seeks compensation in the present motion is reasonable, especially in light of Defendants' obstreperous conduct[4] and the case having gone to trial.

Defendants do not specifically challenge any of the time submissions presented by Plaintiff's, but instead argue that the total fee award sought is egregious given that the verdict was only $6,308.00. Defendants' generic criticism of the fee award sought by Plaintiffs' counsel does not even indicate if it is the rate charged by the attorneys or the time spent on the case which is objectionable. This criticism is not "specific and reasonably precise." Barnes, 168 F.3d at 428. This does not give the Court adequate guidance to review Defendants' assertions.

Plaintiff was successful on all of her claims and recovered the entirety of the damages sought at the outset of her trial. Plaintiff's attorneys therefore achieved an excellent result for their client. See Norman, 836 F.2d at 1302 ("If the result

---

[4] For example, Defendants' failure to respond to Plaintiff's discovery requests and this Court's Order dated November 2, 2015, necessitated a status conference for which all parties had to appear. See Orders dated Dec. 11, 2015, and Jan. 7, 2016 [Docs. 33, 35]. In May of 2016, this Court reopened discovery because of Defendants' incomplete and contradictory discovery responses. See Order dated May 19, 2016 [Doc. 61]. Thereafter, Defendants' court-ordered supplemental responses were contradictory to their deposition testimony and Defendants failed to produce documents until after their depositions (and until two days before the discovery period expired), which necessitated an additional extension of the period of discovery in this case. See Order dated Aug. 18, 2016 [Doc. 72]. Moreover, the documents produced at this late date necessitated Plaintiff to serve discovery on third parties and re-take the 30(b)(6) deposition of Defendant P & K Restaurant Enterprise, LLC. [Docs. 73-76, 79, 80, 83.]

12

was excellent, then the court should compensate for all hours reasonably expended."). In light of the work completed and success achieved in this case, the Court finds that Plaintiffs' attorneys' fees in the amount of $116,129.56 are reasonable.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for an Award of Liquidated Damages [Doc. 125] is **GRANTED**. The Clerk is **DIRECTED** to **ENTER** the judgment so that it reflects the following damages in Plaintiff's favor:

| | |
|---|---|
| Compensatory Damages Awarded by Jury: | $6,308.00 |
| Liquidated Damages: | $6,308.00 |
| **Total Damages:** | **$12,616.00** |

It is further **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs [Doc. 127] is **GRANTED**. The Court **ORDERS** Defendants to pay Plaintiff $116,129.56 in attorneys' fees and $2,764.64 in costs.

**IT IS SO ORDERED** this 25th day of January, 2018.

_____
MARK H. COHEN
United States District Judge